## GAGE *v.* DUDLEY.

The removal of a tax-collector from town vacates his office.

A tax-collector has no authority, outside of the town in which he has his appointment, to seize the property of a resident of the town to enforce the collection of a tax.

The special act of 1879, giving police officers and constables in Boscawen certain authority in Concord, does not apply to tax-collectors.

REPLEVIN of a horse, harness, sleigh, and robes. The defendant pleaded that he was collector of taxes of the town of Boscawen for the year 1877, and that he took the property as a distress for unpaid taxes assessed against the plaintiff for that year in the town of Boscawen, where the plaintiff has all the time resided. The defendant took the property within the limits of ward number one in Concord, and he claimed that the taking was authorized by *c.* 8, *s.* 2, Laws of 1879.

At the time of the taking, March 4, 1885, the defendant was residing in ward one, Concord, where he removed from Boscawen in 1884. He claims that his residence in Concord is temporary; that he intends to return to Boscawen at some future time, and that he regards Boscawen as his home. Judgment was ordered for the plaintiff, and the defendant excepted.

*W. G. Buxton* and *Bingham & Mitchell*, for the plaintiff.

*D. F. Dudley* and *Daniel Barnard*, for the defendant.

ALLEN, J. The removal of the defendant from Boscawen to Concord vacated his office of tax-collector of Boscawen (G. L., *c.* 42, *s.* 1), and he could no longer lawfully exercise the powers and perform the duties of that office anywhere.

Had he been a lawful collector after his removal for the purpose of completing the collection of taxes named in his warrant, his attempted execution of the warrant outside of Boscawen by a distraint of the plaintiff's property in Concord was unauthorized by law. The statute (G. L., *c.* 58, *s.* 10) giving a collector the power to execute his warrant anywhere in the state, in case of the removal from town of the delinquent tax-payer or of the assessment upon personal property of non-residents, gave the defendant no power to seize the property of the plaintiff in Concord, for the plaintiff was not a non-resident of Boscawen, nor a person who had removed from that town.

The special statute of 1879 (Laws of 1879, *c.* 8, *ss.* 1, 2) giving police officers and constables elected or appointed in Boscawen, and residing in school-district number seven in that town, the

authority and powers of police officers and constables in ward one in Concord, does not include collectors of taxes of Boscawen as officers having such authority and powers. Collectors, in the collection of taxes committed to them, have the powers vested in constables in the service of civil process (G. L., *c.* 58, *s.* 1), but they are not constables for any other purpose; nor was the defendant, by virtue of his appointment of collector of taxes of Boscawen, a police officer and constable "elected or appointed in Boscawen, and residing in school-district number seven in that town," within the meaning of the special statute of 1879.

The attempted distraint of the plaintiff's property by the defendant was unauthorized by law and not justified, and gave him no title to the property against the right of the plaintiff, who was entitled to judgment.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.